IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT                      2011 DEC -5  P 2:57

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| D'LIVRO BEAUCHAMP;<br>OBELISK HEALTHCARE, LLC<br><br>PLAINTIFFS,<br><br>v.<br><br>MIKE WALLACE;<br>ADVANCED RECOVERY SYSTEM;<br>DE LAGE LANDEN;<br>SPENSER CAPITAL GROUP, INC<br>d/b/a GROUP FINANCIAL SERVICES;<br><br>DEFENDANTS. | CASE NO.: 2:11-cv-1029-MHT<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

### I. INTRODUCTION

1. This is an action brought by an individual consumer for statutory damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (hereinafter referred to as the "FDCPA"), resulting from Defendants' violations of the statute by engaging in abusive, deceptive and unfair debt collection practices.

### II   JURISDICTION

2. The jurisdiction of this court to determine this action arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337 and 28 U.S.C. §1337. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here. Moreover, the transaction giving rise to the

alleged debt took place here.

## III  PARTIES

3. The plaintiff, D'livro Beauchamp, is a natural person residing in the City of Montgomery, County of Montgomery, and State of Alabama.

4. The plaintiff, Obelisk Healthcare, LLC, is an Alabama corporation engaged in the business of providing medical care in the State of Alabama with its principal place of business located at 4705 Woodmere Blvd, Montgomery, Alabama 36106-3078.

5. The defendant, Advanced Recovery System, Inc., is a Pennsylvania corporation engaged in the business of collecting debt in the State of Alabama with its principal place of business located at 901 East 8th Avenue, Ste 206, King of Prussia, PA 19406.

6. The defendant, Spenser Capital Group, Inc., is an Indiana corporation doing business in the State of Alabama with its principal place of business located at 70 Arrow Road, Suite 5, Hilton Head, South Carolina 29938.

7. The defendant, De Lage Landen, is a Netherlands-based leasing company doing business in the State of Alabama with its principal place of business in the United States located at 1111 Old Eagle School Road, Wayne, Pennsylvania 19087-1453.

8. The defendant, Mike Wallace, is a Pennsylvania resident employed in the business of collecting debt in the State of Alabama, and works at 901 East 8th Avenue, Ste 206 King of Prussia, PA 19406.

9. The defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempts to collect consumer

debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCP A, 15 U.S.C. §1692a(6).

## IV  STATEMENT OF FACT

10. On or about April 27, 2011, the defendants telephoned the plaintiff at his place of employment, and demanded payment of a debt allegedly due on a lease between Dliviro Beauchamp, MD/Obelisk Healthcare LLC and Spenser Capital Group, Inc d/b/a Group Financial Services.

11. The plaintiff advised the defendants that he did not owe the alleged amount. The defendant claim the amount was due under the end of the lease term provisions. The defendant told the plaintiff that they were going to garnish and/or attach his bank accounts, if he refused to make a payment on the alleged debt. During the conversation, the defendants also encouraged the plaintiff to give them a $2,500.00 bank draft over the phone as a showing of good faith to prevent the defendants from garnishing and/or attaching his bank account. While the plaintiff contested the alleged amount owed, he agreed to provide a $2,500 phone bank draft to prevent the garnishment of his bank account to avoid any problems with outstanding checks that had already been written on his bank account.

12. The defendants knew that the lease agreement did not provide for such payments. Instead, the defendants made said false misrepresented to get plaintiff to pay money not owed under the lease agreement, and get plaintiffs' bank account information to steal proceeds from plaintiffs' bank account. After getting plaintiffs' bank account information, the defendants

illegally took money out of plaintiffs account.

13. A few days after the defendants had obtained plaintiff's bank account information; the defendants falsified two bank drafts and/or checks and presented them to plaintiff's bank for payment. First, the defendant presented a bank draft for $5,000 to plaintiff's bank and claimed that the defendant had authorized said payment. A few days later, the defendant presented a bank draft for $2,500, and falsely claimed that the defendant had authorized a second payment.

14. Plaintiff's bank paid the two falsified bank drafts or checks before the plaintiff discovered what was taking place. Before the plaintiff could take steps to stop the criminal action of the defendant, his bank account was overdrawn and several checks were presented for payment while insufficient funds, were in the account.

15. In or about May of 2011, the defendants telephoned plaintiff's place of business without prior consent from the plaintiff. The defendants talked with plaintiff's employees. The defendants asked the plaintiff's employees several questions about the plaintiff concerning matters not relating to the plaintiffs location. The defendants told plaintiffs' employees that the information was needed to collect a debt owed by plaintiff.

16. On several occasions, the defendants have telephoned the Dliviro Beauchamp at his home or place of business, and spoke with the plaintiff,

his employees and his wife. During said calls, the defendants has used threatening and abusive language and made repeat calls on several occasion to annoy the plaintiff. The defendants have claimed that they was going to garnish and/or attach plaintiffs' bank account if they refused to pay a feign amount allegedly owed on a medical equipment lease.

## COUNT I
### THEFT

17. The plaintiff adopts and incorporates by reference the allegations and averments contained in paragraphs 1 through 13 as if set out herein.

18. Defendants falsified a financial document to make it appear that the plaintiffs had authorized two electronic payments from their bank account when in fact they had not. The defendants used the threat of garnishing and attaching plaintiffs' bank account to obtain plaintiff's bank account information. Afterward, the defendant falsified electronic bank drafts, and stole several thousand dollars from the plaintiffs' bank account. The plaintiff did not owe the defendants any money. The defendants took the money from plaintiffs' bank account and converted and/or misappropriated plaintiffs' money to their own benefit.

19. The defendants took the money out plaintiffs' bank account under false pretenses and converted and misappropriated monies to their own and benefit.

20. The defendants' conduct was willful, intentional and oppressive.

21. The above described wrongful conduct of the defendants combined and concurred to proximately cause the plaintiff to suffer damages, financial loss, economic hardship and mental anguish.

22. Plaintiff demands judgment against defendants, jointly and severally, for compensatory and punitive damages, in an amount to be determined by a struck jury, and interest from the date of injury, costs and any other relief to which the plaintiff may be entitled.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff demand judgment against defendants, separately and severally, for compensatory and punitive damages, and interest from the date of injury, costs and any other relief to which the plaintiff may be entitled.

## COUNT II
## VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICE ACT

23. The plaintiff adopts and incorporates by reference the allegations and averments contained in the preceding paragraphs as if set out herein.

24. Defendants' violations of the statute include, but are not limited to the following:

    A. The defendants violated 15 US.C. § 1692b(2) by communicating to a third person that the plaintiff owes a debt;

    B. The defendants violated 15 U.S.C. § 1692b(3) by talking to a third party and using language that suggests the debt collector is in the

business of debt collection and/or that suggests that the communication relates to the collection of a debt.

C. The defendants violated 15 U.S.C. § 1692e(10) by using deceptive means and misleading representations to collect the debt and obtain information concerning plaintiffs' bank account;

D. The defendants violated 15 US.C. §1692d(1) by using criminal means to harm the plaintiff's reputation and to steal the money or property of the plaintiffs;

E. The defendants violated 15 U.S.C. §1692d(5) by causing a telephone to ring engaging the plaintiff in telephone conversation repeatedly or continuously with The intent to annoy, abuse or harass the plaintiff;

F. The defendants violated 15 US.C. § 1692d(2) by using language the natural consequence of which was to harass, oppress, abuse the plaintiff during the collection of the debt;

G. The defendants violated 15 US.C. §1692c(b) by contacting and communicating with third parties, the plaintiffs' employee, without the authorization of the plaintiffs;

H. The defendants violated 15 U. s. C. § I 692d( 6) by making telephone calls without meaningful disclosure of the caller's identity;

I. The defendants violated 15 U.S.C. § 1692e(2) by misrepresenting the legal status of the debt;

J.  The defendants violated 15 US.C. §1692e(3) by making false statements or implication which implies the statement or communication is from an attorney;

K.  The defendants violated 15 U.S.C. § 1692e(4) by making representation or implication that nonpayment of the debt will result in garnishment, attachment or other legal action where such action was unlawful and the debt collector or creditor had no intention to take such action;

L.  The defendants violated 15 U.S.C. §1692e(5) by threatening to take an action that cannot legally be taken or that was not intended to be taken;

M.  The defendants violated 15 US.C. §1692e(11) by failing to disclose in its initial" communication that the debt collector is attempting to collect a debt and that <u>information obtained will be used for that purpose</u> and the failure in subsequent disclosure to inform the plaintiff that the communication is from a debt collector;

N.  The defendants violated 15 US.C. §1692f(3) by soliciting a postdated or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution;

O.  The defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect disposition of property when there is no present

right to possession of the property claimed as collateral through an enforceable securing interest;

P. The defendants violated 15 U.S.C. §1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by the defendant;

Q. The defendants violated 15 US.C. §1692g by making a threat of suit during the debt validation request period in a manner that overshadowed any alleged notice of validation rights and would create confusion for a least sophisticated consumer about his rights;

R. The defendants violated 15 U.S.C. § 1692g(a) by failing to convey to the plaintiff the validation notice;

25. As a result of the defendants' violations of the Federal Debt Collection Practices Act, the defendants are liable to the plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and plaintiff's actual damages, including mental distress, and statutory damages and attorney's fees and costs.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff respectfully requests that judgment be entered against the defendants as follows: (a) a declaratory judgment that the defendants' conduct violated the FDCP A, and injunctive relief for the said violation; (b) actual damages; (c) statutory damages in the amount of One Thousand ($1,000.00) Dollars per violation as set forth in 15 U.S.C. §1692k; (d) legal fees and cost as set forth in 15 D.S.C. §1692k; (e) for such other and

further relief as the Court may deem just and reasonable.

## COUNT III
### FRAUD

26. The plaintiff adopts and incorporates by reference the allegations and averments contained in paragraphs 1 and 13 as if set out herein.

27. The plaintiff avers that the defendants made certain false and fraudulent representations him, and described, herein above, concerning the need for a $2,500.00 bank draft as a showing of good faith until the plaintiffs could prove the amount was not owed as claimed.

28. Defendants concealed the true fact from plaintiff concerning the purpose of the bank draft over the phone, and further concealed from the plaintiff that they were seeking information on plaintiff checking account so they could steal the proceeds in said account. The defendants further concealed the truth that they intended to use the information obtained to create the $2,500.00 bank draft to make unauthorized bank drafts on the plaintiff s account.

29. Defendants represented to the plaintiff the following:
    A. That they needed a $2,500.00 bank draft over the phone as a showing of good faith prevent them from attaching his bank account while the plaintiff tries to prove the amount is not owed;
    B. That the plaintiff's bank information would not be miss handle and/or used to collect more money than authorized by him;
    C. That the banking information would only be used to present a $2500.00 bank draft to plaintiffs account;

30. The misrepresentations of material facts were false and defendants knew they were false and the defendant, without knowledge of the true facts, recklessly misrepresented the facts, or were false and were made by the defendants by mistake, but it was their intention that plaintiff should rely on them.

31. The plaintiff believed the defendants' misrepresentations that he owed a feign debt. The defendants relied upon the defendants' false and fraudulent misrepresentations, and acted upon the misrepresentations to their detriment.

32. Defendants' actions as described above constitute fraud, misrepresentations of material fact, suppression of material fact, deceit and fraudulent deceit as set forth by Alabama Code §§6-5-100, 6-5-101, 6-5-102, 6-5-103 and 6-5-104.

33. The wrongful conduct on behalf of both the named defendants combined and concurred to proximately cause plaintiff to suffer damages, financial loss, economic hardship and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands judgment against defendants, separately and severally, for compensatory and punitive damages, and interest from the date of injury, costs and any other relief to which plaintiff may be entitled.

## COUNT V
## SCHEME TO DEFRAUD

34. The plaintiff adopts and incorporates by reference the allegations and

averments contained in the preceding paragraphs as if set out herein.

35. The defendants entered into a scheme to defraud the plaintiff by:

   A. By falsify representing that the plaintiffs owed more than $10,000 under the lease agreement

   B. By falsify representing to the plaintiffs that they needed to provide them a $2500.00 check as a showing of good faith payment to prevent the defendants from garnishing or attaching plaintiffs' bank account.

36. The scheme to defraud engaged in by all defendants is part of a practice of wrongful conduct perpetrated upon persons similarly situated as the plaintiff.

37. As a direct and proximate result of defendants' combining and concurring negligent and/or wanton acts, the plaintiff was caused to suffer damages, financial loss, economic hardship and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands judgment against the defendants, separately and severally, for compensatory and punitive damages, and interest from the date of injury, costs and any other relief to which plaintiff may be entitled.

## COUNT VI
## CONSPIRACY

38. The plaintiff adopts and incorporates by reference the allegations and averments contained in the preceding paragraphs as if set out herein.

39. The plaintiff avers that the defendants conspired or entered into an agreement to deceive, defraud, or otherwise commit fraud upon the plaintiff, and that the named corporate defendants are liable for the wrongful conduct of their agents under the doctrine of respondent superior

40. The aforementioned wrongful and fraudulent conduct of the party defendants combined and concurred to proximately cause the plaintiff to suffer damages, financial loss, economic hardship and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands judgment against defendants, separately and severally, for compensatory and punitive damages, and interest from the date of injury, costs and any other relief to which plaintiff may be entitled.

## COUNT VII
### NEGLIGENT AND WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

41. The plaintiff adopts and incorporates by reference the allegations and averments contained in the preceding paragraphs as if set out herein.

42. Defendants owed a duty to the plaintiff to use reasonable care to determine the qualifications, skills, abilities and employment history of its agents and employers prior to hiring any such agent or employee. Defendants breached that duty and failed to use reasonable care to determine the qualifications, skills, abilities and employment history of its agents and employees.

43. Defendants owed a duty to the plaintiff to thoroughly investigate the past work history of its agents and employees to ensure that its agents properly and professionally represent the corporate defendants and are capable of honestly, accurately and fairly transacting business with the general public. Defendants breached that duty and failed to thoroughly investigate the past work history of its agents and employees to ensure that it's agents properly and professionally represent the corporate defendants and are capable of honestly, accurately and fairly transacting business with the general public.

44. Defendants owed a duty to the plaintiff to promptly act to protect the best interests of its customers and/or clients upon reports of, suspicion of and/or confirmation of any wrongdoing on the part of one or more of its agents or employees. Defendants breached that duty and failed to act promptly to protect the best interests of plaintiff upon reports of, suspicion of and/or confirmation of any wrongdoing on the part of one of its agents or employees.

45. Defendants owed a duty to the plaintiff to adequately or properly supervise its agents.  Defendants breached that duty and failed to adequately and properly supervise its agents.

46. Plaintiff averred that the defendants negligently or wantonly investigated, hired, trained, supervised and/or retained its agents. Said negligent or wanton conduct proximately caused plaintiff to suffer damages, financial loss, economic hardship and mental anguish.

47.    As a direct and proximate result of defendants' combining and concurring negligent and/or wanton acts, plaintiff was caused to suffer damages, financial loss, economic hardship and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff demands judgment against defendants, separately and severally, for compensatory and punitive damages, plus interest from the date of injury, costs and any other relief to which plaintiff may be entitled.

Respectfully submitted,

Roderick Graham, Esq.
P.O. Box 43334
Birmingham, Alabama 35243
(205) 251-8135
(205) 251-8137 Facsimile

## DEMAND FOR JURY TRIAL
**PLEASE TAKE NOTICE THAT PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS ACTION.**

De Lage Landen
1111 Old Eagle School Road
Wayne, Pennsylvania 19087-1453

Advanced Recovery Systems, Inc.
901 East 8th Avenue
Ste 206

King of Prussia, PA 19406

Mike Wallace
Advanced Recovery Systems, Inc.
901 East 8th Avenue
Ste 206
King of Prussia, PA 19406

Spenser Capital Group, Inc.
70 Arrow Road Suite 5
Hilton Head, SC 29938