IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
D'LIVRO BEAUCHAMP; and       )
OBELISK HEALTHCARE, LLC,     )
                             )
     Plaintiffs,             )
                             )      CIVIL ACTION NO.
     v.                      )        2:11cv1029-MHT
                             )            (WO)
MIKE WALLACE; et al.,        )
                             )
     Defendants.             )
```

OPINION AND ORDER

Based on representations made on the record on October 12, 2012, it is ORDERED as follows:

(1) The motions for hearing (doc. nos. 65 and 66) are denied.  A hearing was held on October 12, 2012.

(2) The motion to vacate, etc. (doc. no. 66) is denied.  The dispositive-motion deadline is not imminent.

(3) The pending motions to dismiss (doc. nos. 59 and 60) apply to the fourth amended complaint (doc. no. 62).  Counsel for plaintiffs has informed the court that there is no substantive difference between the third and fourth amended complaints (doc. nos. 52 and 62).

(4) Because the uniform scheduling order (doc. no. 23)'s deadline for filing amendments to pleadings (May 15, 2012) has long passed, plaintiffs' counsel is DIRECTED <u>NOT</u> to file another amended complaint without first meeting ALL of the following three requirements:

(i) Plaintiffs' counsel must first seek and obtain leave of the court.

(ii) Plaintiffs' counsel must comply with Rule 16 of the Federal Rules of Civil Procedure. Both Rules 16 and 15 of the Federal Rules of Civil Procedure govern a court's decision whether to allow an untimely amendment to a complaint.  <u>Sosa v. Airprint Sys.</u>, 133 F.3d 1417, 1419 (11th Cir. 1988).  Rule16 requires a court to enter a scheduling order that limits the time to join other parties and to amend the pleadings, and, under this rule, the modification of such a scheduling order may be granted only upon a showing of "good cause."  <u>Id</u>. at 1418. Therefore, "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for

2

determining whether a party's delay may be excused." Id. at 1418 no. 2.  Here, because any motion to amend that might come from the plaintiffs would come after the scheduling-order deadline (May 15, 2012), plaintiffs would first have to demonstrate "good cause" under Rule 16 before the court would consider whether the amendment is proper under Rule 15.  See id. at 1419. To show "good cause," plaintiffs would have to show that the scheduling-order deadline could not be met despite "diligence."  See id. at 1418.  In other words, plaintiffs' counsel would have to show "diligence" before the court would consider another amended complaint from plaintiffs.  See id. at 1419.

(iii) Plaintiffs' counsel would finally have to meet the requirements of Rule 15 of the Federal Rules of Civil Procedure.  See id.

DONE, this the 15th day of October, 2012.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**